## COMMONWEALTH *vs.* CHARLES STAHL.

If the defendant in an indictment for a single sale of intoxicating liquor simply requests the judge to rule, at the trial, that the evidence is insufficient to warrant a conviction, and this request is refused, and he is convicted and alleges exceptions, he cannot at the argument of the exceptions in this court object that the evidence did not prove a want of authority to make the sale.

INDICTMENT for a single sale of intoxicating liquor.

At the trial in the superior court, before *Ames*, J., Constant Taber testified as follows: "I live in Wrentham. I have known the defendant four or five years. I saw him in Attleborough in January, February or March last. I think I had liquor of him. I cannot say what kind of liquor; it might have been whiskey or beer. I asked for lager beer. I paid for it. I

cannot say exactly what it was. I asked for lager beer, and I took it for lager beer." This was all the evidence in the case; and the defendant asked the court to rule that it was not suffi-ient to warrant a conviction. The judge declined so to rule.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*C. I. Reed*, for the defendant. The whole evidence is report-ed, and it failed to show that the sale which was testified to was unauthorized. Such evidence is necessary. *Commonwealth* v. *Livermore*, 2 Allen, 292, and 4 Allen, 434.

*Foster*, A. G., for the Commonwealth.

DEWEY, J. It must be taken, upon this bill of exceptions, that the ruling of the superior court fully met the point raised by the counsel for the defendant. If this was not so, it was the duty of the counsel to state that fact, and to ask further instruc-tions. The ruling of the court was adapted to the inquiry that was naturally presented by the objection that the evidence was not sufficient to warrant them in convicting the defendant, and the instructions given to the jury were correct.

If the purpose of the counsel for the defendant was to ask instructions as to the necessity of the government's proving that the sale was not one that the defendant might lawfully make without written license or authority, it was his duty to raise that point distinctly. *Exceptions overruled.*